IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NIKKI STURGEON**                                                                                          **PLAINTIFF**

**V.**                                            **NO. 4:19CV00946 JM-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]                      **DEFENDANT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Nikki Sturgeon ("Sturgeon"), applied for disability benefits on October 10, 2016, alleging a disability onset date of July 1, 2012. (Tr. at 10). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 20-21). The Appeals Council denied her request for review (Tr. at 1), and so the ALJ's decision now stands as the final decision of the Commissioner. Sturgeon has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision denying benefits.

**II. The Commissioner's Decision:**

The ALJ found that Sturgeon had not engaged in substantial gainful activity since the

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

alleged onset date of July 1, 2012. (Tr. at 12). At Step Two, the ALJ found that Sturgeon had the following severe impairments: seizure disorder, arrhythmia, fibromyalgia, anxiety disorder, and migraine headaches. *Id.*

After finding that Sturgeon's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Sturgeon had the residual functional capacity ("RFC") to perform work at the light exertional level, except that: (1) she cannot climb ladders, ropes, and scaffolds; (2) she cannot drive or operate dangerous machinery on the job; (3) she cannot have exposure to unprotected heights or other hazards in the workplace; (4) she is limited to simple, routine, and repetitive tasks with simple, direct, and concrete supervision; (5) she can perform SVP 1 to 2 jobs that are learned within 30 days; (6) the work cannot require interaction with the general public; and (7) the work can require no more than occasional changes to the work place setting. (Tr. at 15).

The ALJ determined that Sturgeon had no past relevant work. (Tr. at 19). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Sturgeon's age, education, work experience and RFC, jobs existed in the national economy which she could perform. (Tr. at 20-21). Consequently, the ALJ found that Sturgeon was not disabled. *Id*.

### III.  Discussion:

#### A.  Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it

adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Sturgeon v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Sturgeon's Arguments on Appeal

Sturgeon argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that: (1) the RFC did not account for moderate limitations in concentration, persistence, and pace; (2) the ALJ erred by failing to consider Listing 14.09D at Step Three; and (3) the ALJ did not properly evaluate Sturgeon's subjective complaints. The Court finds support for Sturgeon's Step Three argument.

Sturgeon experienced fatigue, muscle weakness, joint pain, low energy, and brain fog from fibromyalgia. (Tr. at 46-57, 398, 424-426, 445). The ALJ found fibromyalgia to be a severe impairment at Step Two. (Tr. at 12). But his consideration of the impairment ended there. He did not conduct any meaningful review of the impairment in his discussion of the medical records. (Tr. at 12-20). Worse, and what serves as the basis for remand, is that he did not consider Listing 14.09D (or any of the Immune System Disorder Listings) at Step Three.

The Listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (internal citations omitted). That is, if an adult is not actually working and his impairment matches or is equivalent to a listed impairment, he is presumed unable to work and is awarded benefits without a determination whether he actually

3

can perform his own prior work or other work. *Id*.

Listing 14.09D (Inflammatory Arthritis) or another similar Immune System Listing (Section 14.00) should be considered and discussed in the decision when fibromyalgia is found to be a severe impairment. See 12-2p, 2012 SSR LEXIS 1; *Sunderman v. Colvin*, 2017 U.S. Dist. LEXIS 15155 at *6-7 (D.S.D. Feb 3, 2017)(reversible error in not considering Listing 14.09D at Step Three); *Jockish v . Colvin*, 2016 U.S. Dist. LEXIS 39266 at *7 (D.S.D. March 25, 2016); *Standen v. Colvin*, 2016 U.S. Dist. LEXIS 28697 (N. D. Ohio March 7, 2016). Here, the ALJ compounded his failure to discuss Listing 14.09D or any corollary Immune System Listing by making a conclusory one sentence decision that fibromyalgia met no Listing. (Tr. at 12). A conclusory analysis at Step Three makes "it practically impossible for a reviewing court to analyze" whether an ALJ's decision is based on substantial evidence. *See Sunderman*, *supra*, at *18; *see Scott v. Astrue*, 529 F.3d 818. 822 (8th Cir. 2008).

The ALJ certainly found that Sturgeon's symptoms of fatigue, stiffness, and mental fog established fibromyalgia as a severe impairment. But his analysis of the impairment ended there (at Step Two), and for that reason, reversal is warranted.

**IV.  Conclusion:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to properly evaluate fibromyalgia at Step Three.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 19th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE